UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 23-47081

GRADY E. COLEMAN,                                        Chapter 7

               Debtor.                   Judge Thomas J. Tucker

_____ /

**OPINION AND ORDER DENYING THE DEBTOR'S MOTION
TO REOPEN THIS BANKRUPTCY CASE, AND DENYING THE DEBTOR'S
REQUEST TO WAIVE THE FILING FEE FOR THE MOTION**

This case is before the Court on a motion filed by the Debtor on March 24, 2025, entitled

"ExParte Motion to Reopen Chapter 7 Case and Waive Filing Fee" (Docket # 25, the "Motion").

The Motion seeks to reopen this bankruptcy case, to enable the Debtor to file a Financial

Management Course Certificate ("Certificate"), and then receive a discharge (*see* Mot. at ¶ 6).

The Motion also seeks a waiver of the filing fee for the Motion.  This case was closed on

November 14, 2023, without a discharge, due to the Debtor's failure to timely file the Certificate.

The Motion was not filed until one year and four months after this case was closed.  For the

following reasons, the Court will deny the Motion.

**A.  Background**

With the assistance of his attorney, the Debtor filed a voluntary petition for relief under

Chapter 7 on August 11, 2023, commencing this case.  That same day, the Clerk issued a notice

that the first meeting of creditors would be held on September 14, 2023 at 11:00 a.m. (Docket

# 5, the "Notice").  The Notice was served on the Debtor's attorney by e-mail, through the

Court's ECF system, on August 11, 2023, and also by email through the Bankruptcy Noticing

Center on August 14, 2023.  (*See* Docket # 11 at pdf p. 3.)  On August 16, 2023, the Notice was

served by the Bankruptcy Noticing Center directly on the Debtor, by first class mail. (*Id.*). A corrected notice of the first meeting of creditors was filed on August 16, 2023 to correct the address of the Debtor (Docket # 9, the "Corrected Notice"). The Corrected Notice was served on the Debtor's attorney by e-mail, through the Court's ECF system, on August 16, 2023. On August 18, 2023, the Notice was served by the Bankruptcy Noticing Center directly on the Debtor, by first class mail. (*See* Docket # 13 at pdf p. 2.)

Under Fed. R. Bankr. P. 1007(b)(7),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file the Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was November 13, 2023.

---

[1] Fed. R. Bankr. P. 1007(b)(7) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider has notified the court that the debtor has completed a course in personal financial management after filing the petition . . . an individual debtor in a chapter 7 . . . case must file a certificate of course completion issued by the provider.

[2] Fed. R. Bankr. P. 1007(c)(4)(A) requires that the Certificate be filed in a Chapter 7 case within 60 days after the first date set for the meeting of creditors under § 341 of the Code.

[3] Under Fed. R. Bankr. P. 4004(c)(1)(H), a Chapter 7 discharge may not be granted if "the debtor has not filed a certificate showing that a course on personal financial management has been completed[.]"

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
> . . .
>
> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111[.]

2

The Debtor failed to file the Certificate by the November 13, 2023 deadline, or at any time thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On November 14, 2023, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file the Certificate (Docket # 23). Notice of the Final Decree entered that day (Docket # 24) was served on the Debtor's attorney by e-mail on November 14, 2023, through the Court's ECF system. Notice that the Debtor's bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by email on some of the creditors on November 14, 2023, and by mail on the Debtor and on the remainder of the creditors on November 16, 2023. (Docket # 24 at pdf p. 2). That notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (*Id*. at pdf p. 1).

A year and four months later, on March 24, 2025, the Debtor filed the Motion (Docket # 25). The Motion states, in relevant part:

> 2. This case was closed without discharge on November 14, 2023, due to the failure of the Debtor to timely file the Financial Management Course Certificate required for discharge.
>
> 3. Debtor has now completed the Financial Management Course and will immediately file the certificate upon the reopening of this case.

(Mot. at ¶¶ 2-3.)

**B. Discussion**

The Motion does not allege any excuse, let alone a valid excuse, for either (1) the

3

Debtor's failure to timely complete the financial management course and file the required

Financial Management Course Certificate; or (2) the Debtor waiting a year and four months after

this case was closed before he moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[5] and Local

Bankruptcy Rule 5010-1[6] govern motions to reopen a case for the purpose of filing a Financial

Management Course Certificate. Bankruptcy Code Section 350(b) states that "a case may be

reopened in the court in which such case was closed to administer assets, to accord relief to the

debtor, or for other cause." 11 U.S.C. § 350(b). Here, the Debtor seeks to reopen the case, in

essence, to move for an order granting the Debtor a retroactive extension of time to file the

Financial Management Course Certificate, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are

committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re*

*Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision,

courts may consider 'the equities of each case with an eye toward the principles which underlie

the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D.

Ohio Aug. 22, 2016) (citation omitted). The Debtor has the burden of establishing that "cause"

exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may extend the time to

---

[5] Bankruptcy Rule 5010 states, in relevant part, that "[o]n the debtor's or another party in interest's motion, the court may, under § 350(b), reopen a case." Fed. R. Bankr. P. 5010.

[6] Local Bankruptcy Rule 5010-1(b) states, in relevant part, that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must first file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

4

. . . file the certificate required by Rule 1007(b)(7) [(the Financial Management Course Certificate)] . . . but only as permitted by Rule 1007(c)."  Fed. R. Bankr. P. 9006(b)(3)(B). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "on motion and for cause, [to] extend the time to file" the Financial Management Course Certificate.  *See* Fed. R. Bankr. P. 1007(c)(7).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Financial Management Course Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the debtor had not completed a post-petition financial management course, and filed the motion to reopen and a Financial Management Course Certificate, all within a relatively short time after the case was closed.  The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced."  *See*, *e.g.*, *In re Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Financial Management Course Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Financial Management Course Certificate until more than 7 years after

5

the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I.

Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn.

2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4

(Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from

10 months to more than 11 and a half years. *See In re Brantley*, No. 23-47083, 2025 WL 664915

(Bankr. E.D. Mich. Feb. 28, 2025) (delay of one year and three months); *In re Posey-Johnson*,

No. 17-57446, 2024 WL 4798824 (Bankr. E.D. Mich. Nov. 14, 2024) (delay of 6 years and 7

months); *In re Clemons*, No. 23-46569, 2024 WL 4656920 (Bankr. E.D. Mich. Nov. 1, 2024)

(delay of just 2 days short of 12 months); *In re Gray,* 661 B.R. 570 (Bankr. E.D. Mich. 2024)

(delay of more than 15 months); *In re Parker,* 659 B.R. 872 (Bankr. E.D. Mich. 2024) (delay of

more than 17 months); *In re Nasralla,* 653 B.R. 247 (Bankr. E.D. Mich. 2023) (Chapter 13 case;

delay of six and a half years); *In re Brown*, 651 B.R. 692 (Bankr. E.D. Mich. 2023) (delay of

more than a year); *In re Davenport*, 650 B.R. 861 (Bankr. E.D. Mich. 2023) (delay of more than

11 months); *In re Odoms*. 649 B.R. 11 (Bankr. E.D. Mich. 2023) (delay of more than two years);

*In re Johnson*, 643 B.R. 190 (Bankr. E.D. Mich. 2022) (delay of more than a year); *In re Flake*,

642 B.R. 261 (Bankr. E.D. Mich. 2022) (Chapter 13 case; delay of more than 3 years); *In re

Keller*, 638 B.R. 582 (Bankr. E.D. Mich. 2022) (delay of more than 21 months);  *In re Page*, 637

B.R. 1 (Bankr. E.D. Mich.  2022) (delay of more than 19 months); *In re Williams*, 636 B.R. 484

(Bankr. E.D. Mich. 2022) (delay of more than 20 months); *In re Lewis*, 635 B.R. 157 (Bankr.

E.D. Mich. 2022) (Chapter 13 case) (delay of more than two years); *In re Motley*, 635 B.R. 150

(Bankr. E.D. Mich. Jan. 14, 2022) (delay of almost 3 years); *In re Brown*, 634 B.R. 748 (Bankr.

E.D. Mich. 2022) (delay of 15 months); *In re Rivera*, 628 B.R. 309 (Bankr. E.D. Mich. 2021)

(delay of 2 years and 9 months)*; In re Szymanski,* 625 B.R. 875 (Bankr. E.D. Mich. 2021) (delay

of more than 18 months); *In re Hendricks*, 625 B.R. 694 (Bankr. E.D. Mich. 2021) (delay of

more than 14 months); *In re Smith,* 625 B.R. 41 (Bankr. E.D. Mich. 2021) (delay of almost 17

months); *In re Lemon*, 625 B.R. 47 (Bankruptcy E.D. Mich. 2021) (delay of 15 months); *In re*

*Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*,

620 B.R. 888 (Bankr. E.D. Mich. 2020)(delay of two and a half years); *In re Suell*, 619 B.R. 642

(Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D.

Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich.

2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay

of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15

months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year);

*Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D.

Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10

months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and

one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3

years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re*

*Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R.

265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

      The Court will apply the four-factor approach in this case.  The Court finds that the

Debtor has not shown either cause to reopen this case, or cause to grant the Debtor a retroactive

extension of the deadline to file the Financial Management Course Certificate.

*Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not give *any* explanation, let alone a valid excuse, (1) why the Debtor failed to timely complete the financial management course and file the required Financial Management Course Certificate, by the November 13, 2023 deadline; or (2) why the Debtor waited for a year and four months after this case was closed on November 14, 2023 before he moved to reopen the case. This factor weighs against granting the Motion.

The Motion does not state that the Debtor's attorney did not tell him about the requirement to file the Certificate in order to obtain a discharge, or that the Debtor did not otherwise know about this requirement and the deadline to file the Certificate. Even if the Debtor were to allege this, such an allegation is not supported by any evidence (*e.g.*, an affidavit of the Debtor or of the Debtor's attorney). And the evidence in the record shows that the Debtor and his attorney both knew well in advance about the requirement and deadline to file the Certificate.

The Debtor received ample advance notice of the requirement to file the Financial Management Course Certificate to obtain a discharge. And although not required to do so, the Clerk of this Court even reminded the Debtor and his attorney of the requirement to file the Financial Management Course Certificate, and the deadline for doing so, in a notice filed on September 29, 2023. (Docket # 21.) The notice was served on the Debtor's attorney by e-mail on September 29, 2023 through the Court's ECF system, and the Bankruptcy Noticing Center sent the notice to the Debtor by first class mail on October 1, 2023. (*See* Docket # 22 at pdf p. 2). The notice stated:

**NOTICE OF REQUIREMENT TO FILE A**

8

**CERTIFICATION ABOUT A FINANCIAL MANAGEMENT COURSE**

Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a Financial Management Course (Official Form 423)** as described in 11 U.S.C. § 111.

Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 7 case the debtor(s) must file **Official Form 423** within 60 days after the first date set for the meeting of creditors under § 341 of the Code.

**Failure to file the certification will result in the case being closed without an entry of discharge**. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full reopening fee due for filing the motion.

(Docket # 21) (footnote omitted) (bold in original).

Even assuming that the Debtor did not know, or that he forgot, that he had to file the Financial Management Course Certificate to obtain a discharge, he cannot reasonably and credibly allege that he did not know that this case was closed without a discharge. The Debtor's attorney received the "Notice of Chapter 7 Case Closed Without Discharge" on November 14, 2023, and the Debtor was mailed that same notice on November 16, 2023. That Notice clearly stated that this case "has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (Docket ## 23, 24.)

The Motion also does not explain why the Debtor waited for a year and four months after the case was closed to move to reopen the case. As already stated, the Debtor was informed, by

9

the Notice described above, which was mailed to him on November 16, 2023, that this case had been closed without a discharge, and why it had been so closed.[7] Yet the Debtor did nothing to try to rectify this for a year and four months afterwards. The Motion alleges no reason whatsoever, let alone a valid excuse, for such a long delay by the Debtor in moving to reopen this case.

### Factor 2: whether the request was timely

The delay of one year and four months by the Debtor moving to reopen this case is far too long. Such a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the court explained:

> Congress added participation in a post-petition financial
> management instructional course as a condition to obtaining a
> Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy
> Abuse Prevention and Consumer Protection Act of 2005. 11
> U.S.C. § 727(a)(11). One of the goals of the legislation and this
> requirement was to restore individual financial responsibility to the
> bankruptcy system.
> . . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge,
> and any action that delays that benefit is mystifying and therefore
> requires additional justification. Justification supports the goals of
> not only the bankruptcy system, but also the purpose of the
> financial management course. Allowing a debtor to take the
> financial management course years after its target completion
> provides no educational benefit to the debtor for the intervening
> years and denigrates its purpose. Moreover, it maligns the integrity
> of the system and its fairness to all parties....It is unfair to creditors
> to allow a debtor to avoid the responsibilities established by the
> bankruptcy code and rules, only to later want to fulfill those

---

[7] The Motion does not allege that the Debtor did not receive this Notice. And there is no indication in the record that the mail was returned as undelivered.

requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In

*Chrisman*, "neither the instructional component nor the paperwork component were timely

accomplished," and the court found that "[t]he Congressional purposes in adding the post-

petition financial management instructional requirement to the Bankruptcy Code as a condition

of discharge [had] been completely stymied." *Id*. at *3.

Here, as in *Chrisman*, the Debtor did not timely complete either the instructional

component or the paperwork component of the financial management instructional requirement.

The Court finds that the Congressional purposes in adding the post-petition financial

management instructional requirement have been stymied in this case. The magnitude of the

Debtor's delay in completing the financial management course and moving to reopen this case is

significant, and this factor strongly weighs against granting the Motion.

**Factor 3: whether fault lies with counsel**

The Debtor has been represented by counsel in this case at all times. The Debtor does not

allege in the Motion that his failure to timely complete the Financial Management Course and to

file a Financial Management Course Certificate was the fault of his attorney. Even assuming that

the Debtor's attorney failed to inform him of the financial course requirement — and there is no

evidence in the record that would support such a conclusion — this would not be a valid excuse

for the Debtor failing to timely take the financial management course and file the Certificate, in

light of the ample notice provided personally to the Debtor of these requirements to obtain a

discharge. This factor weighs against granting the Motion.

**Factor 4: whether creditors are prejudiced**

11

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is shorter than the delay in *Chrisman*, but it is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a very long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. So the Court will deny the Motion. The Court also will deny the Debtor's request to waive the filing fee for the Motion. The Motion does not allege or demonstrate sufficient cause to waive that filing fee.

Accordingly,

IT IS ORDERED that:

1.  The Motion (Docket # 25) is denied, in its entirety.

2.  The Debtor's request for a waiver of the filing fee for the Motion is denied. The Debtor must pay that $260.00 filing fee no later than April 8, 2025.

3.  The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on March 25, 2025**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**